**Brian TURFORD, Relator,**

v.

**The Honorable Olen U. UNDERWOOD, Respondent.**

No. 09–97–212 CV.

Court of Appeals of Texas, Beaumont.

Submitted on Sept. 2, 1997.

Decided Oct. 9, 1997.

Douglas R. Drucker, Wetzel, Henri & Drucker, The Woodlands, for relator.

Frank H. Newton, Fulbright & Jaworski, Houston, for real party in interest.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

PER CURIAM.

Brian Turford and CommonVision, L.L.C., filed a declaratory judgment action in the 284th District Court of Montgomery County, Texas, seeking a judicial declaration of invalidity of a covenant not to compete contained in an employment contract addendum to an at-will employment contract between Turford and his former employer, Analytical Technologies, Inc. ("Anatec"). Anatec filed a suit against Turford in the Circuit Court of Oakland County, Michigan, seeking both injunction and damages for breach of contract. In the Texas litigation, Anatec filed a general denial and a motion to dismiss, alleging the employment contract addendum included a Michigan forum selection clause placing venue in Oakland County (Michigan) Circuit Court. Turford challenged the addendum to the contract, alleging it was executed under duress and without consideration. The trial court denied the motion to dismiss. Anatec then filed a motion to compel arbitration, which the trial court granted after a hearing conducted on affidavits. Turford seeks a writ of mandamus, compelling Judge Underwood to vacate his order compelling Turford to arbitrate.

■ Anatec argues Michigan law controls in this matter because the contract addendum contained a Michigan choice of law clause. The arbitration clause at issue in this proceeding is part of a non-competition agreement. Turford claims the entire agreement, having been signed under duress and without consideration, is invalid. The enforceability of the employment contract ad-

dendum is not an issue which the parties could have resolved by an explicit provision in their agreement. Texas law would govern the agreement absent a choice of law clause, and Texas has a materially greater interest in the enforceability of employment agreements in Texas than does Michigan. The law governing enforcement of noncompetition agreements is fundamental policy in Texas, the enforceability of which is judged by Texas law. *DeSantis v. Wackenhut Corp.,* 793 S.W.2d 670, 681 (Tex.1990). Texas law applies to the issue of whether the contract is enforceable.

Turford challenges the order on four grounds: 1) the agreement to arbitrate is invalid; 2) the claims brought in his suit fall outside the scope of the arbitration clause; 3) a condition precedent to arbitration has not occurred; and 4) Anatec waived its rights to arbitration. We shall address Turford's waiver argument first.

■ There is a strong presumption against waiver, which must be intentional and may only be implied from a party's actions if the facts demonstrate that the party seeking to enforce arbitration intended to waive its arbitration right. *EZ Pawn Corp. v. Mancias,* 934 S.W.2d 87, 89 (Tex.1996)(Federal Arbitration Act). Under Texas law, a party waives its rights to arbitration if it substantially invokes the judicial process to the detriment of the opposing party. *Pepe Int'l Dev. Co. v. Pub Brewing Co.,* 915 S.W.2d 925, 931 (Tex.App.—Houston [1st Dist.] 1996, no writ)(Texas Arbitration Act).

■ In order to establish waiver, Turford must establish that Anatec acted inconsistently with the arbitration agreement and that Anatec's conduct prejudiced him. Anatec filed a breach of contract suit against Turford in Michigan Circuit Court on January 16, 1997. Since the Texas litigation commenced November 21, 1996, and Anatec filed its answer in December, it cannot be said Anatec was unaware of its rights under the contract at the time it sued for breach of contract. The arbitration clause excepts equitable relief such as injunction, but specifically includes action on any breach of contract. We hold Anatec acted in a manner inconsistent with the arbitration agreement.

Anatec's Michigan pleadings seek $10,000 in damages from Turford. In addition, Turford incurred over $20,000 in legal fees. We cannot say merely incurring litigation expenses establishes prejudice. In this case Anatec has, by forcing Turford to arbitrate in Texas and suing him for damages in Michigan, simultaneously exposed Turford to liability and prevented him from litigating his claims against Anatec.

■ We reach the same result applying Michigan law. Waiver occurs when a party having knowledge of an existing right to compel arbitration acts inconsistently with that right, and prejudice to the other party results from the inconsistent acts. *Burns v. Olde Discount Corp.,* 212 Mich.App. 576, 538 N.W.2d 686, 689 (1995), *appeal denied,* 452 Mich. 857, 550 N.W.2d 539 (1996); *Kauffman v. The Chicago Corp.,* 187 Mich.App. 284, 466 N.W.2d 726 (1991), *appeal denied,* 439 Mich. 944, 482 N.W.2d 716. By suing Turford for breach of contract while precluding litigation of Turford's challenge to the enforceability of the agreement, Anatec acted inconsistently with a known right of arbitration to the prejudice of the opposing party.

■ A party compelled to arbitrate without having agreed to do so, having lost his right to have the dispute resolved by litigation, has no adequate remedy at law and may seek review by mandamus. *Freis v. Canales,* 877 S.W.2d 283 (Tex.1994). We hold the trial court clearly abused its discretion in granting Anatec's motion to compel arbitration because Anatec waived its right to arbitrate. The petition for writ of mandamus is conditionally granted to order respondent to vacate his order compelling arbitration in the case below. We are confident that Judge Underwood will act in accordance with this opinion. The writ will only issue in the event he fails to comply.

WRIT CONDITIONALLY GRANTED.