Herman SEDILLO, Appellant,

v.

Julane CAMPBELL, Appellee.

In re Herman Sedillo, Relator.

Nos. 14–99–00496–CV, 14–99–00699–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 14, 1999.

Peter Costea, Houston, for appellant.

Kent J. Browning, Houston, for appellee.

Panel consists of Chief Justice MURPHY and Justices ANDERSON and HUDSON.

## OPINION

JOHN S. ANDERSON, Justice.

This is a consolidated interlocutory appeal and petition for writ of mandamus complaining of the trial court's order denying a motion for arbitration. The sole issue is whether appellant/relator, Herman Sedillo ("Sedillo"), waived his right to arbitration. Because we conclude there was waiver, we affirm the trial court's order and deny mandamus relief.

### BACKGROUND

On November 5, 1997, Sedillo, and his brother Rubin, signed a contract with appellee/real party in interest, Julane Campbell ("Campbell"), to provide labor and materials for the completion of certain improvements to Campbell's ranch. Rubin had previously contracted with Campbell to make these improvements, but the work was incomplete. Provision 11 of both contracts states that "all disputes hereunder shall be resolved by binding arbitration in accordance with the rules of the American Arbitration Association." In December 1997, Campbell "canceled" her contract with the Sedillo brothers. That same month, Campbell's attorney sent notice of a DTPA claim to the Sedillo brothers' attorney. On May 18, 1998, Campbell sued the Sedillo brothers in the 212th District Court of Galveston County for DTPA violations, breach of contract, misappropria-

tion of funds, and violation of the Texas Theft Liability Act.[1] *See* TEX. CIV. PRAC. & REM.CODE ANN. § 134.001 et seq. (Vernon 1997). Sedillo answered *pro se.*

In late July of 1998, Campbell served Sedillo with interrogatories, a request for production and a request for admissions. Sedillo did not respond. Instead, on September 24, 1998, Sedillo filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Western District of Oklahoma. On March 5, 1999, upon motion filed by Campbell, the federal bankruptcy court in Oklahoma dismissed Sedillo's bankruptcy case with prejudice, after concluding that it was brought in bad faith. On March 29, 1999, Campbell moved for an interlocutory summary judgment against Sedillo based on deemed admissions. The next day, Sedillo, now represented by counsel, responded to the request for admissions. Sedillo also filed an amended answer asserting certain affirmative defenses. The amended answer also included a counterclaim for breach of contract and quantum meruit, and a request for a jury trial. In addition, Sedillo filed a separate request for a jury trial and paid the jury fee. A week later, Sedillo filed a response to the motion for summary judgment along with a motion to set aside deemed admissions. On April 13, 1999, eleven months after Campbell had filed suit, Sedillo filed a motion to stay proceedings in favor of arbitration.

On April 29, 1999, Campbell filed a response asserting that Sedillo had waived his right to arbitration. On April 30, 1999, after Sedillo had filed his reply, the trial court signed orders: (1) denying the motion for arbitration; (2) denying the motion to set aside deemed admissions, (3) denying a motion to allow retroactive filing of responses to the request for admissions,

and (4) granting the motion for interlocutory summary judgment. On the same day, the trial court entered an interlocutory judgment in favor of Campbell on liability. On May 4, 1999, Sedillo filed a notice of appeal from the order denying his motion for arbitration. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.098 (Vernon Supp.1999).[2] On June 21, 1999, Sedillo also filed a petition for writ of mandamus to preserve his rights under the Federal Arbitration Act. *See Jack B. Anglin v. Tipps,* 842 S.W.2d 266, 272 (Tex.1992).

## WAIVER OF ARBITRATION

■ As we stated, the only issue in this case is whether Sedillo waived his right to arbitration under the Texas Arbitration Act and Federal Arbitration Act. The standard for determining waiver is the same under both Acts. *See In re Oakwood Mobile Homes,* 987 S.W.2d 571, 574 (Tex. 1999) (per curiam) (waiver under the Federal Act); *see also Turford v. Underwood,* 952 S.W.2d 641, 643 (Tex.App.—Beaumont 1997, orig. proceeding) (waiver under Texas law); *Pepe Int'l Dev. Co. v. Pub Brewing Co.,* 915 S.W.2d 925, 931–32 (Tex. App–Houston [1st. Dist.] 1996, no writ) (waiver under the Texas and Federal Acts).

■ Whether a party has waived its right to arbitrate presents a question of law that is reviewed *de novo. See Oakwood Mobile Homes,* 987 S.W.2d at 574; *Nationwide of Bryan, Inc. v. Dyer,* 969 S.W.2d 518, 521 (Tex.App.-Austin, 1998, no pet ). A party can expressly or impliedly waive a contractual right to arbitrate. *See EZ Pawn Corp. v. Gonzalez,* 921 S.W.2d 320, (Tex.App.—Corpus Christi 1996, writ denied). However, because public policy favors arbitration,

---

**1.** Campbell later severed her claims against Rubin Sedillo. Thus, only the suit against Herman Sedillo is at issue in this consolidated proceeding.

**2.** Section 171.098 allows an interlocutory appeal from orders denying a motion to compel arbitration or granting a motion to stay arbi-

tration. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.098(a)(1), (2). Because Sedillo's motion to stay proceedings in effect sought to compel arbitration, we construe the court's order as an appealable one denying a motion for arbitration.

there is a strong presumption against waiver. *In re Bruce Terminix Co.*, 988 S.W.2d 702, 704 (Tex.1998) (per curiam). Any waiver of the right to arbitrate must be intentional and the party attempting to prove waiver bears a heavy burden. *See Nationwide*, 969 S.W.2d at 521. Courts will not find that a party has waived its right to enforce an arbitration clause merely by taking part in litigation unless it has substantially invoked the *judicial* process to its opponent's detriment. *See Bruce Terminix*, 988 S.W.2d at 704.

██ To substantially invoke the judicial process a party must make a specific and deliberate act after suit has been filed that is inconsistent with its right to arbitrate. *See Nationwide*, 969 S.W.2d at 522. Actions that raise the specter of waiver may include the applicant's engaging in some combination of filing an answer, setting up a counterclaim, pursuing extensive discovery, moving for a continuance and failing to timely request arbitration. *See Central Nat'l Ins. Co. v. Lerner*, 856 S.W.2d 492, 494 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding). The question of waiver depends on the individual circumstances of each case. *See Pepe Int'l*, 915 S.W.2d at 931.

Campbell argues that Sedillo engaged in deliberate conduct that was inconsistent with his right to arbitrate. In particular, Campbell points out that Sedillo filed a bankruptcy petition in federal court that was dismissed based on bad faith, and filed numerous pleadings and motions in the court below without first seeking arbitration. As we described, Sedillo answered Campbell's suit, but did not immediately seek arbitration. Instead, he sought a discharge in bankruptcy from Campbell's claims. By seeking bankruptcy protection in bad faith, Sedillo invoked the judicial process, thus, distinguishing this case from *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324 (5th Cir.1999). In *Subway*, various franchisees sued the franchisor and its affiliates in state district court under franchise agreements containing arbi-

tration clauses. *See* 169 F.3d. at 325–26. That case was removed to federal district court and consolidated with an earlier suit brought by the affiliates against the franchisees under lease agreements that did not contain arbitration clauses. *See id.* During the pendency of the earlier case, the affiliates filed for bankruptcy. *See id.* at 326. When the bankruptcy proceedings concluded, the district court reinstated the consolidated case and the franchisor moved to stay litigation pending arbitration proceedings previously initiated by one of the franchisees, and then stayed by the arbitrators. *See id.* Finding that the franchisor (through its affiliates) waived its right to compel arbitration, the district court denied the motion to stay. *See id.*

While declining to address alter ego issues, the Fifth Circuit reversed, holding that "a party only invokes the judicial process to the extent it litigates a specific claim it subsequently seeks to arbitrate." *See id.* at 328. Because the earlier suit under the lease agreements involved different, non-arbitrable claims, the court concluded that the franchisor did not invoke the judicial process when its affiliates filed bankruptcy during that suit. *See id.* The court also held that "to invoke the judicial process, the waiving party must do more than call upon unrelated [bankruptcy] litigation to delay an arbitration proceeding," *See id.* at 328–29. Unlike *Subway*, this case is not one in which Sedillo called upon the assistance and support of the bankruptcy court with respect to unrelated, non-arbitrable claims. *See id.* at 329. As found by the bankruptcy court, Sedillo filed bankruptcy solely to avoid the very claims he now asserts are arbitrable. Without question, that conduct is inconsistent with the right to arbitrate.

After the bankruptcy action failed, Sedillo filed a counterclaim, requested a jury trial and paid the jury fee. We hold that these actions, in combination with the bankruptcy proceeding, were clearly inconsistent with the right to arbitrate. *See e.g., Nationwide*, 969 S.W.2d at 522 (noting that requesting a jury is inconsistent with

the right to arbitrate); *see also e.g., Central Nat'l Ins.*, 856 S.W.2d at 494–95 (holding that defendant waived arbitration by engaging in discovery, filing a counterclaim and joining a motion for preferential trial setting).

Sedillo argues there was no waiver because he was merely defending against Campbell's lawsuit in accordance with the rules of civil procedure. *See* Tex.R. Civ. P. 97(a) (compulsory counterclaims); *see also* Tex.R. Civ. P. 216 (request and fee for jury trial). We disagree. First, this argument is disingenuous given that Sedillo chose not to respond to Campbell's discovery requests as required by those very same rules of civil procedure. Second, because we have concluded that Sedillo's actions in the proceedings below were inconsistent with his right to arbitrate, it is of no moment that those actions were also authorized by the rules of procedure. Finally, by seeking bankruptcy protection in bad faith and then asserting a counterclaim, Sedillo's conduct simply cannot be categorized as purely defensive. *See e.g., Home Club, Inc. v. Barlow*, 818 S.W.2d 192, 193–94 (Tex.App.-San Antonio, 1991, orig. proceeding) (holding that defendants did not waive arbitration by contesting jurisdiction and moving to set aside a default judgment).

■ We recognize that not every counterclaim, whether compulsory or not, amounts to a waiver of arbitration. For instance, a counterclaim contesting the existence or scope of an arbitration agreement is not waiver. *See e.g., General Guar. Ins. Co. v. New Orleans Gen. Agency, Inc.*, 427 F.2d 924, 929 (5th Cir.1970). In this case, however, a counterclaim asserting arbitrable claims may, in combination with other actions, constitute waiver. *See e.g. id.* We also observe that this case is nothing like *Williams v. Cigna Financial Advisors, Inc.*, 56 F.3d 656 (5th Cir. 1995), which is cited by Sedillo. In *Williams*, the court found the defendant did not waive arbitration by removing the action to federal court, filing a motion to dismiss, answering the complaint with a compulsory counterclaim, and exchanging discovery. *See* 56 F.3d at 661–62. The defendant sought removal and dismissal of the plaintiff's suit before it learned that the plaintiff had signed an arbitration agreement. *See id.* at 658. However, as soon as it discovered that the plaintiff's claims were subject to arbitration, the defendant moved for arbitration, moved to stay discovery, and filed an answer to avoid a default. *See id.* at 661–62. In the instant case, Sedillo has never claimed ignorance of the broad arbitration provision contained in the parties' contract.

■ Although we have concluded that Sedillo substantially invoked the judicial process, Campbell must still show prejudice. *See Bruce Terminix*, 988 S.W.2d at 704. As we described, there was a nearly a year delay between the filing of this lawsuit and the request for arbitration.[3] A party does not waive a right to arbitration merely by delay; instead the party urging waiver must establish that any delay caused prejudice. *See Prudential Securities, Inc. v. Marshall*, 909 S.W.2d 896, 899–900 (Tex.1995) (per curiam); *see also United Parcel Service, Inc. v. McFall*, 940 S.W.2d 716, 720 (Tex. App.—Amarillo 1997, orig. proceeding). Thus, while delay alone does not necessarily demonstrate prejudice, it is a material factor to consider. *See Frye v. Paine*,

---

**3.** Although Campbell gave notice of her DTPA claim almost five months before she filed suit, Sedillo had no obligation to assert his right to arbitration before that suit was filed. *See Nationwide*, 969 S.W.2d at 521. The purpose of the DTPA notice provision is "to discourage litigation and encourage settlements of consumer complaints." *See Hines v. Hash*, 843 S.W.2d 464, 468 (Tex.1992). If pre-litiga-

tion efforts to negotiate were viewed as delay, it would undermine efforts to resolve disputes. *See Nationwide*, 969 S.W.2d at 521; *see also General Guar. Ins.*, 427 F.2d at 928 (recognizing that the requirement of a pre-suit demand for arbitration would, in certain circumstances, subject a party to claims that might not otherwise have been brought in either arbitration or court proceedings).

*Webber, Jackson & Curtis,* 877 F.2d 396, 399 (5th Cir.1989), *cert. denied,* 494 U.S. 1016, 110 S.Ct. 1318, 108 L.Ed.2d 493 (1990); *see also EZ Pawn Corp. v. Mancias,* 934 S.W.2d 87, 90 (Tex.1996).

 Here, Sedillo attributes the delay to the fact that he was initially a *pro se* litigant. However, litigants choosing to appear *pro se* must comply with the applicable procedural rules and are held to the same standards that apply to licensed attorneys. *See Chandler v. Chandler,* 991 S.W.2d 367, 378–79 (Tex.App.—El Paso 1999, pet. denied). Because no allowance is made for a litigant proceeding *pro se,* Sedillo cannot avoid responsibility for delay on that basis.

 While not focusing exclusively on the issue of delay, Campbell contends that she was prejudiced because: (1) she was forced to retain counsel to preserve her claims against Sedillo during his bankruptcy proceeding, and (2) the trial court has already entered an interlocutory judgment. We agree. Time and expense in defending an action may, in certain circumstances, establish prejudice. *See Frye,* 877 F.2d at 399 (prejudice shown by attorney's fees and costs incurred during pretrial proceedings and an aborted trial and by time and expense in defending against cross-claim); *see also Marble Slab Creamery, Inc. v. Wesic, Inc.,* 823 S.W.2d 436, 439 (Tex. App.—Houston [14th Dist.] 1992, no writ)(prejudice shown by expense of attorney's fees and discovery costs in defending suit); *but see Turford,* 952 S.W.2d at 643 (prejudice not established merely by incurring litigation expenses); *Transwestern Pipeline Co. v. Horizon Oil & Gas Co.,* 809 S.W.2d 589, 592 (Tex.App.—Dallas, 1991, writ dism'd w.o.j.) (prejudice not shown by party who voluntarily incurred legal fees by initiating suit).

Here, the record shows that Campbell was forced to retain counsel to preserve her claims during the bankruptcy proceeding initiated in bad faith by Sedillo. The bankruptcy action stayed the case below

for six months and was a substantial factor contributing to Sedillo's delay in asserting the right to arbitration. Referring this matter to arbitration now would deprive Campbell of the benefits of an interlocutory judgment already entered by the trial court in her favor. Sedillo blames the trial court for Campbell's predicament by pointing out that the court entered judgment on the same day that it denied arbitration. However, had Sedillo asserted his right to arbitration as soon as practicable, Campbell would not have been able to obtain a judgment in the face of a motion for arbitration. On these facts, Campbell has sufficiently shown prejudice.

We hold that Sedillo acted inconsistently with his right to arbitrate by seeking bankruptcy protection in bad faith, filing a counterclaim, requesting a jury trial, and paying the jury fee. We further hold that Campbell has sufficiently shown she was prejudiced by Sedillo's actions. Accordingly, we affirm the trial court's order denying the motion for arbitration and deny mandamus relief.