NO. 07-04-0558-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 3, 2004

______________________________

IN RE RESHAWN JOHNSON, RELATOR

_______________________________

Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Relator Reshawn Johnson, proceeding 
pro se
 and 
in forma pauperis,
 seeks a writ of mandamus to compel the Honorable Bradley S. Underwood, Judge of the 364th District Court of Lubbock, to provide him with a free clerk’s record and reporter’s record in cause number 97-424,513-B to prepare a writ of habeas corpus.
(footnote: 1)  Under applicable principles of law, relator’s petition must be denied.

By his petition, relator maintains he filed a motion requesting a free record which the trial court denied on November 4, 2004.  Although he acknowledges he was provided with counsel for his trial and direct appeal, he contends that without a record he cannot prosecute allegations that his trial was “unfair and in violation of his protected rights to effective assistance of counsel, his right to due process, equal protection, and his right to confront witnesses against him,” in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Mandamus is an extraordinary remedy available only in limited circumstances involving manifest and urgent necessity and not for grievances that may be addressed by other remedies.  Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992).  To be entitled to mandamus relief, relator must show that (1) there is no other adequate remedy at law available, and (2) the act sought to be compelled is a ministerial act.  Healey v. McMeans, 884 S.W.2d. 772, 780 (Tex.Cr.App. 1994).  Also, a sufficient record demonstrating relator’s entitlement to the relief sought must be provided.  
Walker
, 827 S.W.2d at 837.  Relator’s petition does not demonstrate that the prerequisites for mandamus have been satisfied nor has he provided any record in support thereof.  

Additionally, a petition for writ of mandamus filed in this Court must comply with the mandatory  requirements of Rule 52.3 of the Texas Rules of Appellate Procedure, and a 
pro se
 party must comply with applicable procedural rules.  
See
 Sedillo v. Campbell, 5 S.W.3d 824, 829 (Tex.App.–Houston [14th Dist.] 1999, no pet.).  Relator’s petition is lacking in most of the requirements, and no certified or sworn copy of the order denying his request for a free record is included.

Accordingly, relator’s petition for writ of mandamus is denied.

Don H. Reavis

    Justice

 OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 3, 2003

______________________________

IN RE DONALD MOODY, 

Relator

_________________________________

ORIGINAL PROCEEDING IN MANDAMUS

_______________________________

Before QUINN and REAVIS, JJ., and BOYD, SJ.
(footnote: 1)
 Pending before the court is a document of Donald Moody entitled “Motion Mandamus Re-amend Tort Claims.”  The document was filed with the clerk of this court on December 19, 2002.  Through it, he asks us to “honor” a notice of appeal he previously filed so that he may again urge various complaints involving the Texas Department of Criminal Justice (TDCJ) and employees of that department who apparently work at the Neal Unit of the TDCJ.  We deny the petition for the reasons which follow.

First, regarding the request to “honor” the previous notice of appeal, we conclude that Moody refers to our cause number 07-02-0223-CV, styled Donald Moody v. Gary L. Johnson, TDCJ Director.  We dismissed that cause on June 20, 2002, for want of jurisdiction.  On July 25, 2002, this court also denied his motion for rehearing.  To the extent that the pending “MoWPCâåãÅÅÅäoßÅ

 

äÉ7YÕüüÃ?zKgo

Z$QÄ

âY

]ßJo#&Tr6C?ÃL/`íVßÜ*w

zéypíSØ7m %cS{_xeä#è3

syø0bÄØßWmwÃYx!nV5+w+

ÜE$$66aüèÖ~n8`6

É#­o*$Sà~

8OÅÜV2U]E6U2M&aÖi:Éq0uäS<J. 3Nú

+

ù­=sGåãæ

~[mXT%

Ü

Qu

g

bY!=

Üë

Çö

ãUëâ? nñgUUñBö`Æ

ß­+ ë^

$

QÖØöÄ

ÄøØl;SÇY<d\æQ

^

 

C~õäV

(A 

H=wr*LcuØÃwõÜÉUß

öÇ;åT={h-bT 

X25,

G.Kku-|-#5B#R

j7LÅ-à#å

åvÆUã:7Äâ%åÄqÄÃ0æ(wÄUÆ,ÄàwåÆ

Äà4åñ ÄàÅåéÄàÉåÅÄâmåØÄàNåÅÃáà^åçÇáâÅëÕáÅàåSå'áÃ0ÅxzàÃ0ÅDàâÅç6ââÅçBâBâBâBâÄàå-NâNâNâNâNâNâNâNâNâNâNâNâNâNâNâNâNâNâNâNâNâNââBåÜ{â\\dc227\ClerkßCopier

0,cù

ÉáøAZØàñ"ArialßRegularåÅXÅåÆ(åêÅ$,cù

ÉáøAZØàññArialßNà-usÉà+00à3|xåÅææÅUö

) #.sæâõåDATEåãIå

1John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  Tex. Gov’t Code Ann. §75.002(a)(1) (Vernon Supp. 2002). 
åÆ(((å25$

0åÆ(æÕåí%$
1õåAPPõåAPEåã#ÕÆåèÉåÃÉÉd
 NO. 07-02-0520-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 3, 2003

______________________________

IN RE DONALD MOODY, 

Relator

_________________________________

ORIGINAL PROCEEDING IN MANDAMUS

_______________________________

Before QUINN and REAVIS, JJ., and BOYD, SJ.
(footnote: 1)
 Pending before the court is a document of Donald Moody entitled “Motion Mandamus Re-amend Tort Claims.”  The document was filed with the clerk of this court on December 19, 2002.  Through it, he asks us to “honor” a notice of appeal he previously filed so that he may again urge various complaints involving the Texas Department of Criminal Justice (TDCJ) and employees of that department who apparently work at the Neal Unit of the TDCJ.  We deny the petition for the reasons which follow.

First, regarding the request to “honor” the previous notice of appeal, we conclude that Moody refers to our cause number 07-02-0223-CV, styled Donald Moody v. Gary L. Johnson, TDCJ Director.  We dismissed that cause on June 20, 2002, for want of jurisdiction.  On July 25, 2002, this court also denied his motion for rehearing.  To the extent that the pending “Motion Mandamus Re-amend Tort Claims” can be considered another motion for rehearing or attempt to have us change our order of dismissal, it is untimely and, therefore, denied.   
See 
Tex. R. App. P
.
 49.5 (stating that a second motion for rehearing may be filed within 15 days of the date the court decides the first); 
see also
 
Tex. R. App. P
. 19.1(b) (stating that the jurisdiction of an appeals court expires 30 days after the court overrules all timely filed motions for rehearing).

Second, to the extent that the document before us is a petition for writ of mandamus, we note that it seeks relief against the TDCJ and one or more of its employees.  Furthermore, the claims involve his prison work assignment, the validity of a guilty plea, a change in his sentence
, and the availability of a parole hearing.  None of these issues implicate a pending appeal.  Nor do they interfere with our ability to resolve or address any other matter currently pending before us.  This proves fatal because our authority to issue writs of mandamus is not ubiquitous.  That is, we may issue such writs 1) when necessary to enforce our jurisdiction, 
Tex. Gov. Code Ann
.
 §22.221(a) (Vernon Supp. 2003), or 2) against a judge of a district or county court.  
Id.
 at §22.221(b).  Here, relief is not sought against a judge of a district or county court; so, §22.221(b) does not enable us to act.  And, because the conduct complained of by Moody in his “Motion 
Mandamus Re-amend Tort Claims”ö#åÅàXÅ

XÅXÅäXÅ

tion Mandamus Re-amend Tort Claims” can be considered another motion for rehearing or attempt to have us change our order of dismissal, it is untimely and, therefore, denied.   
See 
Tex. R. App. P
.
 49.5 (stating that a second motion for rehearing may be filed within 15 days of the date the court decides the first); 
see also
 
Tex. R. App. P
. 19.1(b) (stating that the jurisdiction of an appeals court expires 30 days after the court overrules all timely filed motions for rehearing).

Second, to the extent that the document before us is a petition for writ of mandamus, we note that it seeks relief against the TDCJ and one or more of its employees.  Furthermore, the claims involve his prison work assignment, the validity of a guilty plea, a change in his sentence
, and the availability of a parole hearing.  None of these issues implicate a pending appeal.  Nor do they interfere with our ability to resolve or address any other matter currently pending before us.  This proves fatal because our authority to issue writs of mandamus is not ubiquitous.  That is, we may issue such writs 1) when necessary to enforce our jurisdiction, 
Tex. Gov. Code Ann
.
 §22.221(a) (Vernon Supp. 2003), or 2) against a judge of a district or county court.  
Id.
 at §22.221(b).  Here, relief is not sought against a judge of a district or county court; so, §22.221(b) does not enable us to act.  And, because the conduct complained of by Moody in his “Motion 
Mandamus Re-amend Tort Claims”
 neither implicates a pending appeal nor interferes with our ability to resolve a matter pending before us, §22.221(a) does not authorize us to act. 
In re Washington
, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, no pet.).   In short, the issuance of a writ of mandamus is not necessary under §22.221(a) to enforce our jurisdiction over a pending matter.

Accordingly, we deny Moody’s 
“Motion Mandamus Re-amend Tort Claims.”

Brian Quinn 

   Justice

Publish.

     

FOOTNOTES
1:
Appellant was convicted of murder in cause number 97-424,513-B, and by unpublished opinion dated July 22, 1998, this Court affirmed the conviction in cause number 07-97-0471-CR.

1:
1: