NO. 07-04-0558-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 3, 2004

_____

IN RE RESHAWN JOHNSON, RELATOR

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Relator Reshawn Johnson, proceeding *pro se* and *in forma pauperis,* seeks a writ of mandamus to compel the Honorable Bradley S. Underwood, Judge of the 364th District Court of Lubbock, to provide him with a free clerk's record and reporter's record in cause number 97-424,513-B to prepare a writ of habeas corpus.[1]  Under applicable principles of law, relator's petition must be denied.

By his petition, relator maintains he filed a motion requesting a free record which the trial court denied on November 4, 2004.  Although he acknowledges he was provided with

_____

[1]Appellant was convicted of murder in cause number 97-424,513-B, and by unpublished opinion dated July 22, 1998, this Court affirmed the conviction in cause number 07-97-0471-CR.

counsel for his trial and direct appeal, he contends that without a record he cannot prosecute allegations that his trial was "unfair and in violation of his protected rights to effective assistance of counsel, his right to due process, equal protection, and his right to confront witnesses against him," in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Mandamus is an extraordinary remedy available only in limited circumstances involving manifest and urgent necessity and not for grievances that may be addressed by other remedies. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). To be entitled to mandamus relief, relator must show that (1) there is no other adequate remedy at law available, and (2) the act sought to be compelled is a ministerial act. Healey v. McMeans, 884 S.W.2d. 772, 780 (Tex.Cr.App. 1994). Also, a sufficient record demonstrating relator's entitlement to the relief sought must be provided. *Walker*, 827 S.W.2d at 837. Relator's petition does not demonstrate that the prerequisites for mandamus have been satisfied nor has he provided any record in support thereof.

Additionally, a petition for writ of mandamus filed in this Court must comply with the mandatory requirements of Rule 52.3 of the Texas Rules of Appellate Procedure, and a *pro se* party must comply with applicable procedural rules. *See* Sedillo v. Campbell, 5 S.W.3d 824, 829 (Tex.App.–Houston [14th Dist.] 1999, no pet.). Relator's petition is lacking in most of the requirements, and no certified or sworn copy of the order denying his request for a free record is included.

2

Accordingly, relator's petition for writ of mandamus is denied.


Don H. Reavis
Justice