Opinion issued December 19, 2019



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-19-00623-CV

_____

## WADE POUNDS AND RAY J. BLACK, JR., INDEPENDENT ADMINISTRATOR OF THE ESTATE OF THOMAS W. POUNDS, DECEASED, Appellants

## V.

## REVA JEAN ROHE, Appellee

On Appeal from the Probate Court No.1
Harris County, Texas
Trial Court Case No. 444,171-401

# O P I N I O N

Wade Pounds and Ray J. Black, Jr., independent administrator of the estate of Thomas J. Pounds, deceased, filed this interlocutory appeal from the trial court's order denying their motion to compel arbitration. We affirm.

# BACKGROUND

## *Settlement of Estate Litigation*

After Thomas J. Pounds, Jr. passed away, his common-law wife, Reva Jean Rohe, and his son, Wade Pounds, became embroiled in litigation over the estate. They eventually settled their dispute. Their settlement agreement included an arbitration clause:

> If a dispute arises with regard to the interpretation and/or performance of this agreement or any of its provisions, the parties agree to resolve the dispute by a phone conference with the mediator who facilitated the settlement. If the parties cannot resolve their differences in this manner, then the parties agree to binding arbitration with Judge Ray.

The trial court incorporated the settlement agreement into an agreed final judgment disposing of the litigation between Rohe and Pounds. The agreed judgment appointed Ray J. Black, Jr. as the estate's independent administrator. The judgment ordered Black to pay all claims and administrative costs and comply with the terms of the settlement agreement.

## *Petition for Accounting and Distribution*

In September 2018, Rohe filed a petition for accounting and distribution in the probate court. Among other things, she asserted a right to reimbursement from the estate for mortgage payments she made to prevent foreclosure on real property the deceased gave to her in fee simple. She alleged that Black failed to comply with

2

the terms of the settlement agreement by failing to reimburse her from the estate for these payments.

In October 2018, Pounds answered. He opposed Rohe's request for reimbursement for the mortgage payments from the estate. As the beneficiary of the estate's remaining funds, any reimbursement made to Rohe effectively would have been at his expense. Pounds also contemporaneously filed a motion for summary judgment seeking to have Rohe's reimbursement claim denied on the merits. Rohe responded to his summary-judgment motion in November 2018.

The trial court heard the summary-judgment motion in November 2018. Pounds filed supplemental briefing in December 2018. The trial court denied his motion that month.

### Current Lawsuit

At some point before the trial court had denied Pounds's summary-judgment motion, it informed Rohe that a separate action against the estate or administrator would be necessary to pursue a claim for reimbursement of the mortgage payments in lieu of her petition for an accounting and distribution. *See* HARRIS CTY. PROBATE CT. LOCAL RULES 2.4, 2.5, 2.6 (providing that claim against administrator for rejection of claim is ancillary matter to be assigned cause number distinct from estate administration); *see also Henderson v. Shanks*, 449 S.W.3d 834, 840–41 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (discussing these local probate rules).

3

Accordingly, in December 2018, Rohe filed a claim against the estate for reimbursement of the mortgage payments. Per the local probate rules, this separate action, cause number 444,171-401, was made a sub-file of the estate administration, cause number 444,171.

In January 2019, Black denied Rohe's claim for reimbursement.

In March 2019, Rohe sued as to Black's refusal to reimburse her from the estate for the mortgage payments. Black answered in April.

In July 2019, Pounds filed a motion to compel arbitration of Rohe's reimbursement claim under the prior settlement agreement. Black joined Pounds's motion. Rohe filed a response in opposition.

The trial court heard Pounds's motion to compel arbitration in July 2019. At the hearing, Rohe argued that Pounds had not invoked the arbitration clause when she initially made her claim and that he already had unsuccessfully sought summary judgment as to her right to reimbursement. Rohe noted that her claim for reimbursement had been pending for about eight months before Pounds moved for arbitration and that it was not fair to do so at this point. She explicitly invoked the defense of waiver, reiterating that a motion for summary judgment as to this very issue had been filed, heard, and decided.

The trial court denied Pounds's motion to compel arbitration. The trial court ruled that Pounds had waived his right to arbitration by substantially invoking the

4

judicial process, specifically by filing a motion for summary judgment, which the court already had denied.

## DISCUSSION

Rohe does not dispute the existence of a valid arbitration agreement or that her claim against the estate falls within its scope. She maintains that Pounds and Black waived the right to enforce the agreement. Pounds and Black disagree. The defense of waiver is the sole issue before us on appeal.

### *Jurisdiction*

A party may appeal from an order denying a motion to compel arbitration. TEX. CIV. PRAC. & REM. CODE § 171.098(a)(1); *Valerus Compression Servs. v. Austin*, 417 S.W.3d 202, 207 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

### *Standard of Review*

We review an order denying a motion to compel arbitration for an abuse of discretion. *Valerus*, 417 S.W.3d 207. We defer to the trial court's fact findings if they are supported by the evidence. *Id.* We review questions of law de novo. *Id.* If the material facts are not disputed, whether a party has waived its right to arbitrate is a question of law. *RSL Funding v. Pippins*, 499 S.W.3d 423, 430 (Tex. 2016) (per curiam).

### *Applicable Law*

A party who opposes the enforcement of a valid arbitration agreement based on the defense of waiver bears the burden of proving the defense. *Royston, Rayzor, Vickery, & Williams, LLP v. Lopez*, 467 S.W.3d 494, 500 (Tex. 2015). Because the law favors arbitration, this burden is a heavy one. *G.T. Leach Builders v. Sapphire V.P., LP*, 458 S.W.3d 502, 512 (Tex. 2015). A court thus must enforce the arbitration agreement in close cases. *Perry Homes v. Cull*, 258 S.W.3d 580, 593 (Tex. 2008).

A party may waive its right to arbitrate either expressly or impliedly. *G.T. Leach*, 458 S.W.3d at 511. When, as here, implied waiver is at issue, the party trying to establish the defense must show that:

> (1) the other parties have substantially invoked the judicial process in a manner inconsistent with the right to compel arbitration; and
>
> (2) this inconsistent conduct has caused it to suffer detriment or prejudice.

*Id.* at 511–12.

The first element—substantial invocation of the judicial process—turns on the totality of the circumstances. *Id.* at 512. Courts consider a multitude of factors, including:

> (1) how long the movant waited to try to compel arbitration;
>
> (2) any explanation that the movant may offer for delay;
>
> (3) if and when the movant knew of the arbitration agreement during the period of delay;

6

(4)  how much discovery the movant conducted before trying to compel arbitration and whether that discovery related to the merits;

(5)  whether the movant tried to dispose of the claims on the merits;

(6)  whether the movant asserted affirmative claims for relief;

(7)  the extent of the movant's pretrial activities relating to the merits;

(8)  the amount of time and money the parties have spent in litigation;

(9)  if discovery conducted would be unavailable or useful in arbitration;

(10)  whether litigation activity would be duplicated in arbitration; and

(11)  whether and when the case had been set for trial.

*Id.* In general, no single one of these factors is dispositive. *RSL Funding*, 499 S.W.3d at 430. Nor must all or most of these factors be present to support waiver. *See Perry*, 258 S.W.3d at 591. The specifics of each case matter. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 116 (Tex. 2018); *Perry*, 258 S.W.3d at 591, 593. Even substantial delay and pretrial activity often do not amount to substantial invocation of the judicial process warranting waiver of the right to arbitrate. *See Henry*, 551 S.W.3d at 116–17; *RSL Funding*, 499 S.W.3d at 430–31. Whether the party trying to compel arbitration previously tried to dispose of the litigation on the merits, however, ordinarily is a key factor in assessing a waiver defense. *Richmont Holdings v. Superior Recharge Sys.*, 455 S.W.3d 573, 575 (Tex. 2014) (per curiam); *see also In re Citigroup Global Mkts.*, 258 S.W.3d 623, 625 (Tex. 2008) (per curiam) (party that

7

conducts full discovery, files motions going to merits, and seeks arbitration only on eve of trial waives right to arbitrate).

Substantial invocation of the judicial process is not enough though; there also must be prejudice. *Perry*, 258 S.W.3d at 593–95. In the context of waiver of the right to arbitrate, prejudice generally focuses on the inherent unfairness that may result from a party's attempt to switch between litigation and arbitration to its own advantage. *G.T. Leach*, 458 S.W.3d at 515; *Perry*, 258 S.W.3d at 597. Considerations like delay, expense, or damage to another party's legal position are relevant to the issue of prejudice. *Kennedy Hodges, L.L.P. v. Gobellan*, 433 S.W.3d 542, 545 (Tex. 2014) (per curiam); *Perry*, 258 S.W.3d at 597.

*Analysis*

*Waiver of the Waiver Defense*

Pounds and Black contend that Rohe waived the defense of waiver by failing to assert it in her response to Pounds's motion to compel arbitration. Because she failed to do so, they argue, the trial court should not have considered the defense.

Rohe asserted the defense of waiver during the hearing on the motion to compel arbitration. When Rohe raised the defense of waiver at the hearing, Pounds noted that because Rohe had not asserted the defense in her response, he had not briefed the issue in his reply. But Pounds did not object or argue that Rohe had

waived her opportunity to assert the defense.[1] He instead argued the merits, contending that it is "almost impossible to waive a right to arbitration" and that precedent strongly favored Pounds's position as to non-waiver. When the trial court reserved its ruling, it noted that it intended to consider "whether or not there might have been a waiver." Pounds again did not object. The trial court later denied Pounds's motion on the basis of Rohe's waiver defense.

By failing to assert that Rohe had waived her waiver defense in the trial court, Pounds and Black waived this complaint for appellate review. *See* TEX. R. APP. P. 33.1(a). Even if Pounds and Black had preserved their waiver-of-waiver complaint for review, they have not cited any authority for the proposition that a trial court errs in considering a defense to arbitration raised without objection for the first time at the hearing on a motion to compel. On this record, we see no error.

*Substantial Invocation of the Judicial Process*

Rohe first asserted her claim for reimbursement of the mortgage payments from the estate in September 2018. Pounds did not file his motion to compel arbitration until July 2019. Black joined Pounds's motion later that same month. He had not sought to compel arbitration of Rohe's reimbursement claim beforehand.

---

[1]    Black did not attend the hearing.

While this delay is substantial, it is not enough, standing alone, to constitute substantial invocation of the judicial process. *See Henry*, 551 S.W.3d at 116–17; *RSL Funding*, 499 S.W.3d at 431. The record, however, shows more than mere delay.

Neither Pounds nor Black have offered an explanation for the delay. Nor does the record suggest a sympathetic reason for their decision to wait so long to seek arbitration. Both Pounds and Black were aware of the settlement agreement's arbitration clause from the beginning; Pounds was a party to the agreement, which ended estate litigation between himself and Rohe, and Black was charged with carrying out the agreement's terms by the resulting agreed judgment.

In sum, Pounds and Black's delay was not only substantial, it was knowing and unexplained. If this was the sum total of the factors weighing in favor of waiver, waiver nonetheless would remain inappropriate. *See Richmont*, 455 S.W.3d at 575–76 (rejecting waiver even though party trying to compel arbitration had drafted agreement containing arbitration clause and had offered implausible explanation for delay of 19 months before trying to compel arbitration). The record, however, shows more than substantial, knowing, and unexplained delay.

During this period of delay, Pounds tried to dispose of Rohe's claim on the merits. He filed a motion for summary judgment, which the trial court heard and decided against him. The Supreme Court has stated that whether the movant sought a disposition on the merits is a key factor in deciding whether he substantially

10

invoked the judicial process. *See id.* at 575. Our court has stated that an "attempt to resolve the merits and still retain the right to arbitration is clearly impermissible." *Interconex, Inc. v. Ugarov*, 224 S.W.3d 523, 534 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Tuscan Builders v. 1437 SH6 L.L.C.*, 438 S.W.3d 717, 720 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (party substantially invokes judicial process "if it actively tries, but fails to achieve, a satisfactory result through litigation before turning to arbitration"). We have cited "moving for summary judgment or seeking a final resolution of the dispute" as examples of impermissible conduct. *Interconex*, 224 S.W.3d at 534; *Williams Indus. v. Earth Dev. Sys. Corp.*, 110 S.W.3d 131, 135 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

Pounds and Black contend that moving for summary judgment is not enough to support waiver, particularly when the moving party does so defensively. In support, they rely on *Keytrade USA v. Ain Temouchent M/V*, 404 F.3d 891 (5th Cir. 2005), and *Branch Law Firm v. Osborn*, 532 S.W.3d 1 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). Both decisions are distinguishable.

In *Keytrade*, the Fifth Circuit evinced skepticism that a defensive motion for summary judgment could constitute an invocation of the judicial process. 404 F.3d at 897. Texas law, however, is to the contrary. *See, e.g.*, *Interconex*, 224 S.W.3d at 534–35 (discussing defensive summary-judgment motion and holding that defendant waived right to arbitrate). Moreover, in *Keytrade*, the Fifth Circuit did not

11

reject waiver merely because of the defensive posture of the summary-judgment motion. The Fifth Circuit emphasized that the defendant had filed its motion for summary judgment contemporaneously with its motion to compel arbitration, which removed any doubt as to waiver. *Keytrade*, 404 F.3d at 897–98; *see also RSL Funding*, 499 S.W.3d at 433 (noting that *Keytrade* held "that, regardless of whether a motion for summary judgment invokes the judicial process, a simultaneous alternative effort to compel arbitration clearly indicates there is no intent to waive arbitration"). Unlike the defendant in *Keytrade*, Pounds did not concurrently move for summary judgment and to compel arbitration. Instead, Pounds and Black tried to compel arbitration only after the trial court had denied summary judgment. Waiting to seek arbitration until after receiving an adverse ruling on the merits in litigation is perhaps the clearest type of conduct that is inconsistent with the right to arbitrate. *See PRSI Trading Co. v. Astra Oil Trading*, No. 01-10-00517-CV, 2011 WL 3820817, at *4 (Tex. App.—Houston [1st Dist.] Aug. 25, 2011, pet. denied) (mem. op.).

In *Osborn*, our sister court acknowledged the general rule that filing a motion for summary judgment is a key factor in deciding waiver but concluded that this factor was "tempered by the defensive posture of the motion" on the record before it. 532 S.W.3d at 24. In that case, as here, the defendants had not moved to compel arbitration until several months after they had moved for summary judgment. *Id.*

12

*Osborn*, however, differs from this case in another, more significant way. Unlike the defendants in *Osborn*, Pounds did not just move for summary judgment; he sought and secured a ruling on the motion. This distinction matters because actively litigating a summary-judgment motion to a ruling entails a far more substantial invocation of the judicial process than merely filing one. *See PRSI*, 2011 WL 3820817, at *4. As discussed, Pounds and Black moved to compel arbitration only after the trial court already had rejected a bid to dispose of Rohe's claim on the merits. Thus, while the defensive posture of a summary-judgment motion may lessen the weight given to this factor on a given record, it does not do so on this one. *Compare id.* (holding that defendant who sought arbitration after adverse ruling on summary-judgment motion had substantially invoked judicial process), *with Osborn*, 532 S.W.3d at 24 (noting that some factors, like defendants' motion for summary judgment, made it "close case" in terms of substantial invocation of judicial process but that totality of circumstances did not support waiver).

Pounds and Black also contend that the motion for summary judgment has no bearing on the issue of waiver because it was filed in a separate suit—the underlying estate proceeding—rather than in the current action. In support, they rely on our Supreme Court's decision in *Kennedy Hodges*. That decision is distinguishable.

*Kennedy Hodges* arose out of dispute over attorney's fees after an associate left the firm that employed him and took clients with him. 433 S.W.3d at 543–44.

13

The firm sued its former associate—with whom it did not have an arbitration agreement—to recover contingency fees. *Id.* The firm and former associate eventually settled that suit. *Id.* at 544. The firm also separately sued its former clients but subsequently dropped that suit and instead intervened in their underlying personal-injury suit. *Id.* In the underlying personal-injury suit, the firm moved to compel its former clients to arbitrate based on an arbitration clause in the contingency-fee agreement they had signed. *Id.* at 543–44. Its former clients contended that the firm's prior lawsuit against its former associate constituted a substantial invocation of the judicial process and that the firm thus had waived its right to arbitrate. *Id.* at 544. The Supreme Court rejected the clients' argument, reasoning that a party who litigates a claim with one opponent does not invoke the litigation process as to a related but distinct claim against another party. *Id.* at 545; *see also Valero Energy Corp. v. Teco Pipeline Co.*, 2 S.W.3d 576, 594–95 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (litigation between same parties under one agreement several years earlier did not constitute invocation of judicial process as to new suit involving distinct claims made under another agreement).

The present facts are unalike those in *Kennedy Hodges*. While Rohe's current suit is distinct from the underlying estate proceeding, that distinction is slight. The current suit is a sub-file of the estate proceeding and arises from a settlement agreement entered in the estate proceeding. Rohe's two suits involved the same

14

reimbursement claim, and the litigants occupied the same basic roles in both suits. In sum, Rohe's two lawsuits do not involve distinct claims between different parties. Pounds's motion for summary judgment, which sought disposition on the merits as to the very same claim that Rohe asserts in this suit, therefore constitutes a substantial invocation of the judicial process for purposes of waiver, even though Pounds filed it in the underlying estate proceeding rather than this one. *See Sedillo v. Campbell*, 5 S.W.3d 824, 825–27 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (party invoked judicial process by trying to avoid claims made against him in lawsuit by initiating separate bankruptcy proceeding in bad faith before seeking arbitration).

We thus conclude that the totality of the circumstances shows that Pounds and Black substantially invoked the judicial process before trying to compel arbitration.

*Detriment or Prejudice*

We further conclude that Pounds and Black's substantial invocation of the judicial process caused detriment or prejudice to Rohe. When a movant already has unsuccessfully sought a resolution on the merits, prejudice inheres in an attempt to start over in a different forum before a new decisionmaker. Pounds and Black are engaged in a type of unfair forum-shopping that, if condoned, would allow them to have it both ways—litigating on the merits first and then insisting on arbitration after the results of the litigation proved unsatisfactory. *See Perry*, 258 S.W.3d at 597; *Haddock v. Quinn*, 287 S.W.3d 158, 180 (Tex. App.—Fort Worth 2009, pet. denied).

15

Compelling arbitration at this point in the proceedings would allow Pounds and Black to undo the trial court's adverse summary-judgment ruling and deprive Rohe of this favorable result. Damage to a party's legal position of this sort suffices to show detriment or prejudice in the context of waiver of the right to arbitrate. *See Kennedy Hodges*, 433 S.W.3d at 545; *see, e.g.*, *Read v. Sibo*, No. 14-18-00106-CV, 2019 WL 2536573, at *5 (Tex. App.—Houston [14th Dist.] June 20, 2019, pet. filed) (mem. op.); *Hogg v. Lynch, Chappell & Alsup, P.C.*, 480 S.W.3d 767, 794–96 (Tex. App.—El Paso 2015, no pet.); *Holmes v. Graves*, No. 01-12-01032-CV, 2013 WL 6506306, at *7 (Tex. App.—Houston [1st Dist.] Dec. 10, 2013, no pet.) (mem. op.); *Sedillo*, 5 S.W.3d at 829.

Pounds and Black contend that Rohe was required to offer evidence of prejudice but did not and thus cannot prevail. If a showing of prejudice in this case depended on the added expense that litigation imposed on Rohe, for example, we would agree. *See Williams*, 110 S.W.3d at 140–41 (ostensible prejudice based on attorney's fees and costs incurred in litigation required evidence as to nature of fees and costs, proof that they were incurred due to opposing party's conduct, and demonstration that they were for efforts that could not be used in arbitration). But here the prejudice—the undoing of the adverse summary-judgment ruling and arbitration of the same issue anew before a different decisionmaker—is apparent on the face of the record. *See id.* at 141 (record can demonstrate prejudice without need

16

for additional evidence, like affidavits or testimony). The record shows the existence of prejudice. Rohe was not required to submit additional evidence establishing the extent of the prejudice. *See Perry*, 258 S.W.3d 599–600 (undisputed facts in record showed existence of prejudice and detailed proof of its extent was not necessary); *PRSI*, 2011 WL 3820817, at *6 (fact of prejudice, not its extent, is dispositive).

Accordingly, we hold that the totality of the circumstances shows that Pounds and Black's substantial invocation of the judicial process prejudiced Rohe.

## CONCLUSION

We affirm the trial court's order denying the motion to compel arbitration.


Gordon Goodman
Justice

Panel consists of Justices Keyes, Goodman, and Countiss.