IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 22, 2005


 ______________________________



NO. 07-05-0297-CV


_______________________________



WEST TEXAS POSITRON, LTD., WEST TEXAS POSITRON, L.L.C., 


AND MIKE WHYTE, APPELLANTS


V.



NANCY CAHILL, APPELLEE


_________________________________



FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-523,519; HONORABLE SAM MEDINA, JUDGE


_______________________________



 NO. 07-05-0342-CV


 __________________________________



IN RE WEST TEXAS POSITRON, LTD., 


WEST TEXAS POSITRON, L.L.C. AND MIKE WHYTE, RELATORS


___________________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 West Texas Positron, Ltd., a Texas limited partnership, its general partner West
Texas Positron, L.L.C., and Michael J. Whyte present an interlocutory appeal and petition
for writ of mandamus each challenging the denial of their motion to compel arbitration in
a suit brought by Nancy Cahill, originally a limited partner and employee of West Texas
Positron, Ltd. Appellants and relators present parallel challenges to the trial court's order
due to uncertainty whether the Texas General Arbitration Act (1) or the Federal Arbitration
Act (2) applies. See Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266 (Tex. 1992) (orig.
proceeding). The appeal and original proceeding were argued together and we dispose
of them together. See In re Valero, 968 S.W.2d 916 (Tex. 1998) (per curiam). 

 The relationship of the parties and partial history of this litigation was set out in our
opinion resolving a prior mandamus proceeding arising from this litigation and need not be
repeated in full here. See In re West Texas Positron, No. 07-04-0506-CV (Tex.App.-
Amarillo January 20, 2005, orig. proceeding). We recite only those events relevant to the
issues now before us.

 Cahill's September 2003 petition sought to take the deposition of Michael J. Whyte
under Rule of Civil Procedure 202. In response the partnership sent a letter to Cahill that
the suit was in breach of the partnership agreement and failure to cure that breach would
result in termination of her partnership interest. The partnership and general partner filed
an answer that included a motion to dismiss and plea in abatement based on mediation
and arbitration provisions of the partnership agreement. 

 The trial court set a hearing on the motion and plea in abatement but it was
cancelled when the parties agreed to mediate the Rule 202 proceeding. For reasons not
clear from the record, the effort at mediation failed. The general partner took steps in
November 2003 to terminate Cahill's interest in the limited partnership.

 In March 2004, Cahill sent to counsel for the partnership and the general partner 
a notice requesting mediation and appointing a mediator. They responded the next month
with a letter asserting Cahill's partnership interest had been terminated the previous
November and the partnership agreement was no longer applicable to her. (3) In May 2004,
Cahill filed amended pleadings adding Mike Whyte as a defendant and asserting claims
for breach of the partnership agreement, fraud, breach of fiduciary duty and other duties
and diversion of partnership assets. The three defendants ("WTP") jointly filed an
amended answer which did not repeat the motion to dismiss and plea in abatement
contained in WTP's original answer. The answer asserted affirmative defenses including
estoppel based on the mediation and arbitration provisions, and asserted counterclaims,
including a request for a declaratory judgment that Cahill's partnership interest was
properly terminated for breach of the partnership agreement. (4) 

 When the trial court granted Cahill's motion to compel production of documents, 
WTP challenged that order by seeking a writ of mandamus in this court in October 2004. 
We denied the petition for mandamus on January 20, 2005. In re West Texas Positron,
slip op. at 12. While that mandamus proceeding was pending here, WTP filed a motion
seeking partial summary judgment in the trial court on the issue of the value of Cahill's
interest in the partnership. 

 Some time prior to March 2005 WTP sold the partnership assets and those of a
related business operated in New Mexico. Cahill served discovery requests on WTP
seeking documents evidencing that sale, and followed that with her second motion to
compel discovery in March 2005. The partnership reurged its September 2003 motion to
compel arbitration. The trial court held a hearing on both motions April 1, 2005. At the
conclusion of that hearing the court ordered completion of discovery responses within thirty
days. (5) The court did not rule on the motion to compel arbitration. The parties
unsuccessfully participated in court-ordered mediation in June 2005. The trial court held
a second hearing on the motion to compel arbitration August 1, 2005. Cahill's argument
at that hearing focused on whether the defendants had waived the right to arbitration. The
court overruled the motion, prompting the present proceedings.

 The first issue we must determine is whether the arbitration provisions of the
partnership agreement are governed by the Texas General Arbitration Act (TGAA) or the
Federal Arbitration Act (FAA). If the TGAA applies, interlocutory appeal is the proper
method to challenge the trial court's ruling. Tex. Civ. Prac. & Rem. Code Ann. § 171.098
(Vernon 2005) (authorizing interlocutory appeal). If the arbitration clause is governed by
the FAA an interlocutory challenge must be through a petition for writ of mandamus. Jack
B. Anglin Co., 842 S.W.2d at 272. 

 The trial court made no ruling on which act applies. The parties do not argue, and
we do not see, any conflict between the TGAA and the FAA in this case. The standard for
determining waiver is the same under the Texas and federal acts. Sedillo v. Campbell, 5
S.W.3d 824, 826 (Tex.App.-Houston [14th Dist.] 1999, no pet.). 

 The arbitration clause does not expressly invoke either the FAA or the Texas Act. (6) 
The partnership agreement contains a general choice of law clause adopting Texas law,
"excluding its conflict-of-laws principles." In view of that provision, and in the absence of
conflict in the application in this case of the state and federal acts, (7) we will review the trial
court's ruling by interlocutory appeal under the TGAA. Finding WTP thus has an adequate
remedy by appeal, we deny the petition for writ of mandamus. Canadian Helicopters Ltd.
v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994).

 There is no dispute that the issues raised in the litigation are within the scope of the
partnership agreement's arbitration clause. See Capital Income Properties v. Blackmon,
843 S.W.2d 22, 23 (Tex. 1992) (claims by limited partners for fraud and breach of fiduciary
duty arose from partnership agreement and were within scope of arbitration clause). The
primary question presented in this appeal is whether WTP waived its contractual right to
arbitration. When a dispute within the scope of an arbitration agreement exists, the party
opposing arbitration bears the burden of establishing an affirmative defense such as
waiver. J.M. Davidson, Inc. v. Webster, 128 S.W.3d 223, 227 (Tex. 2003); Price v. Drexel
Burnham Lambert, Inc., 791 F.2d 1156, 1158 (5th Cir. 1986). 

 Whether a party has waived a right to arbitration is a question of law subject to de
novo review. Sedillo, 5 S.W.3d at 826, citing Nationwide of Bryan, Inc. v. Dyer, 969
S.W.2d 518, 521 (Tex.App.-Austin 1998, no pet.); see In re Bruce Terminix Co., 988
S.W.2d 702, 703-04 (Tex. 1998) (orig. proceeding) (federal act). There is a strong
presumption against a finding of waiver, In re Service Corporation Int'l, 85 S.W.3d 171, 174
(Tex. 2002), and such a finding depends on the individual facts and circumstances of each
case. Williams Industries, Inc. v. Earth Dev. Syst. Corp., 110 S.W.3d 131, 135 (Tex.App.-
Houston [1st Dist.] 2003, no pet.); Republic Ins. Co. v. PAICO Receivables LLC, 383 F.3d
341, 346 (5th Cir. 2004). Courts will not find a party has waived its right to enforce an
arbitration clause merely by taking part in litigation, In re Bruce Terminix Co., 988 S.W.2d
at 704, but only when the party has substantially invoked the judicial process to its
opponent's prejudice or detriment. Id.; EZ Pawn Corp. v. Mancias, 934 S.W.2d 87, 89 (Tex.
1996); Republic Ins. Co., 383 F.3d at 344. Additionally, waiver of a right to arbitration must
be intentional. EZ Pawn, 934 S.W.2d at 89. Courts also have described substantially
invoking the judicial process as taking specific and deliberate actions, after the suit's filing,
that are inconsistent with the right to arbitrate. Williams Industries, 110 S.W.3d at 135.

 A party does not substantially invoke the judicial process merely by filing an answer
or by participating in discovery. In re Bruce Terminix Co., 988 S.W.2d at 704; Tenneco
Resins Inc. v. Davy International, 770 F.2d 416, 421 (5th Cir. 1985). Asserting claims for
affirmative relief or asking for disposition on the merits are substantial invocations of the
judicial process inconsistent with the right of arbitration. See Miller Brewing Co. v. Fort
Worth Distributing Co., 781 F.2d 494, 497 (5th Cir. 1986) (filing multiple suits); Price, 791
F.2d at 1162 (moving for summary judgment supported finding of waiver).

 The record here shows WTP initially asserted its right to mediation and arbitration
in response to Cahill's Rule 202 petition but later rebuffed her effort to initiate those
remedies, contending the partnership agreement no longer applied to her. Shortly
thereafter it responded to her amended pleadings with, inter alia, both defenses and
counterclaims based on Cahill's breach of the mediation and arbitration provisions of the
partnership agreement. It later moved for partial summary judgment on the value of
Cahill's interest in the partnership, presenting both traditional and no evidence grounds. (8) 
These were specific and deliberate acts, and substantial invocations of the judicial process
inconsistent with the right of arbitration it now asserts. 

 Both Texas and federal courts have delineated factors relevant to the question of
prejudice. The Fifth Circuit listed three factors as particularly relevant in determining
prejudice, including pretrial discovery regarding claims subject to arbitration, expense
incurred in defending against a motion for summary judgment, and failure to timely assert
the right to arbitration. Republic Ins. Co., 383 F.3d at 346. In Williams Industries the
court's prejudice analysis focused on the movant obtaining information through discovery
which would not be discoverable in arbitration and costs incurred by delay in asserting the
right to arbitration. 110 S.W.3d at 135. Without evidence of expenses resulting from delay
in asserting arbitration, there is no showing of prejudice from the delay alone. See 
Republic Ins. Co., 383 F.3d at 346; Texas Residential Mortgage v. Portman, 152 S.W.3d
861, 864 (Tex.App.-Dallas 2005, no pet.); Williams Industries, 110 S.W.3d at 135, 141
(no showing of prejudice without supporting evidence); Service Corp. Int'l, 85 S.W.3d at
174; Marble Slab Creamery v. Wesic, Inc., 823 S.W.2d 436, 438 (Tex.App.-Houston [14th
Dist.] 1992, no writ). Delay is, however, a material factor. Sedillo, 5 S.W.3d at 828. The
cases have typically considered the cumulative effect of the factors rather than each in
isolation. See, e.g., Republic Ins. Co., 383 F.3d at 346; Central Nat. Ins. Co. of Omaha v.
Lerner, 856 S.W.2d 492, 494 (Tex.App.-Houston [1st Dist.] 1993) (orig. proceeding).

 The delay involved here, even measured from the filing of Cahill's amended
pleadings in May 2004 and WTP's reassertion of its motion to compel arbitration in the
spring of 2005, is not insubstantial. The trial court could have considered WTP's shifting
positions on the issue substantially contributed to the delay in addressing it. (9) Moreover,
much activity occurred in the trial court during those months, cf. EZ Pawn, 934 S.W.2d at
90 ("very little activity" in case before arbitration demand). As WTP points out, most of the
activity resulted from Cahill's discovery and WTP's resistance to it, but the record also
shows WTP sought resolution by summary judgment of one of the core issues in the
litigation. Cf. GeoSurveys, Inc. v. State Nat'l Bank, 143 S.W.3d 220, 224 (Tex.App.-
Eastland 2004, no pet.) ($9700 in discovery expenses insufficient to show prejudice where
movant did not seek disposition by court). As further evidence of prejudice, Cahill
presented an affidavit of her attorney that she had incurred $20,289.15 in legal fees and
expenses. We conclude the cumulative effect of the evidence of delay, expense and
WTP's pursuit of a dispositive motion is sufficient to demonstrate prejudice from WTP's
invocation of the judicial process. Cf. Pennzoil Co. v. Arnold Oil Co., Inc., 30 S.W.3d 494,
499 (Tex.App.-San Antonio 2000, orig. proceeding) ("generalized protestations" about
costs of delay insufficient). See also Walker v. J. C. Bradford & Co., 938 F.2d 575, 577-78
(5th Cir. 1991) (distinguishing Tenneco, 770 F.2d 416, from Price, 791 F.2d 1156). 

 We overrule WTP's sole issue on appeal and affirm the order of the trial court. 

 

 James T. Campbell

 Justice
1. Tex. Civ. Prac. & Rem. Code Ann. §§171.001 - .098 (Vernon 2005).
2. 9 U.S.C. §§ 1-16.
3. The letter summarized events of November 2003, and concluded:


 Accordingly, since [Cahill] is no longer a partner in [WTP], has not been a
partner since November 2003 and therefore has no partnership interest in
[WTP], the provisions of the [WTP] partnership are inapplicable to her and
unenforceable by her. Therefore, [Cahill] has no right to request mediation
or arbitration under the partnership agreement.
4. The partnership also asserted counterclaims for breach of fiduciary duty and 
misappropriation of trade secrets, and to recover defense costs.
5. The court advised WTP the failure to meet this deadline would result in imposition
of monetary sanctions and the striking of defense pleadings.
6. The detailed arbitration paragraph does provide that, unless expressly prohibited
by the rules of the American Arbitration Association, at the arbitration hearing the Texas
Rules of Evidence control the admissibility of evidence. 
7. See Allied-Bruce Terminix Co. v. Dobson, 513 U.S. 265, 115 S.Ct. 834, 130
L.Ed.2d 753 (1995) (FAA "pre-empts conflicting state law"); Volt Information Sciences, Inc.
v. Board of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 474, 103 L.Ed.2d 488,
109 S.Ct. 1248 (1989) (FAA preempts state statutes to extent inconsistent); Jack B. Anglin
Co., 842 S.W.2d at 271 (same). 


 The opinion in In re L & L Kempwood Assoc., 9 S.W.3d 125, 126 (Tex. 1999), cited
by Cahill, notes a distinction found by the court of appeals in the manner in which the
primary issue in the case would be resolved under the state and federal statutes. The
court also was there applying contract language which it construed to invoke both statutes. 
Id. at 127-28. 
8. Tex. R. Civ. P. 166a(c), (i).
9. We cannot agree with WTP that the record shows it consistently sought arbitration.